UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 21-cv-00942-TNM |
| v. ) | |
| ) | |
| U.S DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' FEE AND COST PETITION**

Plaintiffs are both eligible for and entitled to attorney fees and costs in the amount of $11,893.90 and petition this Court to award them.

**I.      BACKGROUND**

Plaintiffs are news media requesters. The Pulitzer Prizes Website, *Finalist: BuzzFeed News and the Int'l Consortium of Investigative Journalists*[1]; BuzzFeed Website, *Jason Leopold*[2]; Leopold Decl. at ¶¶ 1-2 (attached as Exhibit A). Plaintiffs submitted a FOIA request to DOJ, including Executive Office of Immigration Review ("EOIR") and Professional Responsibility Advisory Office ("PRAO") and others not at issue in this suit, on January 11, 2021, seeking communications and other records referencing former President Trump's claims of election fraud, the events of January 6, and other matters. Am. Compl., ECF No. 6, at ¶¶ 6-8; Ans., ECF No. 10, at ¶¶ 6, 8. The request was made for newsgathering purposes and Plaintiffs believed there was at least a modest probability that the request would result in new reporting on matters of public concern regarding DOJ's response to the events of January 6 and any involvement of DOJ officials in promoting claims of fraud in the 2020 election. Leopold Decl. at ¶¶ 4-11.

---

[1]     https://www.pulitzer.org/finalists/buzzfeed-news-and-international-consortium-investigative-journalists-washington-dc
[2] https://www.buzzfeednews.com/author/jasonleopold

EOIR issued a determination denying the request in part, based on Exemption 5. Am. Compl. at ¶¶ 9, 12-14; Ans. at ¶¶ 9, 12-14. EOIR's determination did not address whether, under the 2016 amendments to the FOIA statute, it "reasonably foresees that disclosure would harm an interest protected by an exemption" even if the requested records are exempt under Exemption 5 as EOIR claimed. Am. Compl. Ex. 4, ECF No. 6-2; *see* 5 U.S.C. § 552(a)(8)(A)(i)(I); *see generally Machado Amadis v. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020); *Reps. Comm. for Freedom of the Press v. FBI,* 3 F.4th 350 (D.C. Cir. 2021).

Plaintiff appealed EOIR's determination, but as of the date the complaint was filed, DOJ had not ruled on Plaintiffs' appeal, in violation of the statutory deadline. Am. Compl. at ¶¶ 16, 19-20; Ans. at ¶¶ 16, 19-20.

After Plaintiffs sued and EOIR answered, the Court ordered the parties to meet, confer, and file a joint status report. Min. Order (May 26, 2021). The parties reported that they were conferring about the requests and wished to defer determining whether a *Vaughn* index or briefing would be necessary. JSR, ECF No. 11 (June 17, 2021). They later reported that they "intend to confer further to determine whether they can reach an out-of-court agreement to address EOIR's production," and that EOIR provided Plaintiffs with a draft *Vaughn* index and search declaration as part of that effort. JSR, ECF No. 13 (Aug. 18, 2021); JSR, ECF No. 14 (Sept. 28, 2021). All of the records on the index were described as duplicates, already public, or referred to other agencies or components, except for a single record that was withheld based on Exemption 5. Leopold Decl. at ¶ 12.

By November 2021, the parties had "narrowed their dispute in this case" to that single record, and continued conferring about its release. JSR, ECF No. 16 (Nov. 30, 2021). The next month the parties reported that they had reached an agreement in principle regarding the release

of the record. JSR, ECF No. 17 (Dec. 15, 2021). Eventually the parties reached impasse on resolving Plaintiffs' attorney fees and costs and set up a briefing schedule for a fee petition to resolve that impasse. JSR, ECF No. 24 (June 22, 2022). The record in question has now been produced with only limited redactions of email addresses under Exemption 6, to which Plaintiffs have not objected. Leopold Decl. at ¶ 12.

Attached as Exhibit B to this Petition is a declaration of lead counsel Matt Topic, with supporting documentation of the fees and costs sought in this matter, which total $11,893.90 as of the date of this filing. Plaintiffs limited their fees and costs to those pertinent to Plaintiffs' request to EOIR and the time spent preparing this petition. Topic Decl. at ¶ 3.

## II.     LEGAL STANDARDS

Courts may award reasonable attorney fees and costs to a FOIA requester who has "substantially prevailed" if the requester is both "eligible" and "entitled." 5 U.S.C. § 552(a)(4)(E)(i); *Judicial Watch, Inc. v. Dep't of Commerce*, 470 F.3d 363, 368–69 (D.C. Cir. 2006); *see Assassination Archives & Rsch. Ctr., Inc. v. CIA*, No. 1:17-CV-00160 (TNM), 2019 WL 1491982, at **2-4 (D.D.C. Apr. 4, 2019), aff'd sub nom. *Assassination Archives & Rsch. Ctr. v. Cent. Intel. Agency*, No. 19-5165, 2019 WL 4565818 (D.C. Cir. Sept. 6, 2019). "The touchstone of a court's discretionary decision under section 552(a)(4)(E) must be whether an award of attorney fees is necessary to implement the FOIA. A grudging application of this provision, which would dissuade those who have been denied information from invoking their right to judicial review, would be clearly contrary to congressional intent." *Davy v. CIA*, 550 F.3d 1155, 1158 (D.C. Cir. 2008) (quoting *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1977)).

A requester is eligible for fees where relief is obtained through a judicial order or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii); *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521,

524-25 (D.C. Cir. 2011). "The standard is not particularly high. To show that he prevailed, a FOIA plaintiff must prove that prosecution of the action could reasonably be regarded as necessary to obtain the information and that a causal nexus exists between the lawsuit and the release of records." *Nat'l Sec. Couns. v. CIA*, 189 F. Supp. 3d 73, 79–80 (D.D.C. 2016) (cleaned up).

Whether an eligible requester is entitled to fees is based on four factors: (1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the requester's interest in the information, and (4) the reasonableness of the agency's conduct. *Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013); *Davy*, 550 F.3d at 1159; *Tax Analysts v. DOJ*, 965 F.2d 1092, 1094 (D.C. Cir. 1992).

It "is settled in this circuit" that "[h]ours reasonably devoted to a request for fees are compensable." *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 528 (D.C. Cir. 1985); *see Elec. Priv. Info. Ctr. v. Fed. Bureau of Investigation*, 80 F. Supp. 3d 149, 162 (D.D.C. 2015) (applying doctrine to FOIA case).

### III.   ARGUMENT

**A.   Plaintiffs are eligible for fees as a result of EOIR's post-litigation voluntary release of the sole non-duplicate, non-public, and non-referred EOIR document at issue in this case.**

Plaintiffs are eligible for fees based on EOIR's voluntary or unilateral change in position in producing the record at issue after this suit was filed. *See Brayton*, 641 F.3d at 524-25. As discussed above, EOIR denied Plaintiffs' request under Exemption 5 and DOJ failed to issue a determination on Plaintiffs' appeal. Following the parties' court-ordered discussions as part of the joint status report process, EOIR agreed to produce the only record that EOIR withheld under an exemption. *See Nat'l Sec. Couns.*, 189 F. Supp. 3d at 79–80 (noting that "timing here provides evidence of causation" and establishes eligibility where agency "does not present any evidence to the contrary"); *cf. Cornucopia Inst. v. Agric. Mktg. Serv.*, 285 F. Supp. 3d 217, 224 (D.D.C. 2018),

aff'd, No. 18-5071, 2018 WL 5115535 (D.C. Cir. Oct. 11, 2018) (awarding fees even where a "change in circumstances played some role in the agency's change of position").

> B. **The public benefit of the requested information regarding January 6 and claims of election fraud is significant.**

Turning to the first entitlement factor, public benefit is assessed *ex ante* based on the "potential public value of the information requested, with little or no regard to whether any documents supplied prove to advance the public interest" and requires "at least a modest probability of generating useful new information about a matter of public concern" that adds "to the fund of information that citizens may use in making vital political choices." *Davy*, 550 F.3d at 1159; *see also Morley v. CIA,* 810 F.3d 841, 844 (D.C. Cir. 2016); *see also, e.g., Assassination Archives*, 2019 WL 1491982, at *3. More simply, "if it's plausible *ex ante* that a request has a decent chance of yielding a public benefit, the public-benefit analysis ends there." *Morley*, 810 F.3d at 844.

Plaintiffs have adequately shown a public benefit under the first factor. It is beyond any reasonable dispute, especially in light of the extensive hearings of the House January 6 Committee, that the events of January 6 and claims of election fraud by the President, and the role of the Justice Department regarding these issues, are a matter of public concern and potentially relevant to vital political choices, and Plaintiffs have established at least a modest probability that the request would result in the release of new information about these issues. Leopold Decl. at ¶¶ 4-11; *see Davy*, 550 F.3d at 1159; *see also, e.g., Elec. Privacy Info. Center v. DHS*, 218 F. Supp. 3d 27, 44 (D.D.C. 2016) (national security and privacy issues ); *Elec. Priv. Info. Ctr. v. DHS*, 999 F. Supp. 2d 61, 68 (D.D.C. 2013) (ongoing national debate surrounding social media monitoring initiatives); *Elec. Priv. Info. Ctr. v. DHS*, 892 F. Supp. 2d 28, 51 (D.D.C. 2012) (information about body scanners

relevant to "vital political choices about what level of crowd and pedestrian scanning is acceptable").

### C. Plaintiffs are media requesters who are "to be treated favorably under the attorney's fee provision."

The second and third factors are generally considered together, and favor an award of fees where the requester is a member of the news media. *Davy*, 550 F.3d at 1160–61 (noting that D.C. Circuit has "long recognized" that attorney fees are generally awarded where the "interest in the information sought was . . . journalistic" (citing and quoting *Fenster v. Brown*, 617 F.2d 740, 742 n. 4 (D.C. Cir. 1979) (quoting S. Rep. No. 93–854, at 19); *Tax Analysts*, 965 F.2d at 1096 ("And FOIA's legislative history makes plain that Congress wanted news organizations to be treated favorably under the attorney's fee provision."); *see also Davy*, 550 F.3d at 1158 ("The court embraced the view that a distinction is to be drawn between the plaintiff who seeks to advance his private commercial interests and thus needs no incentive to file suit, and a newsman who seeks information to be used in a publication or the public interest group seeking information to further a project benefitting the general public."); *id.* at 1160 (media requesters' "activities often aim to ferret out and make public worthwhile, previously unknown government information—precisely the activity that FOIA's fees provision seeks to promote").

Plaintiffs are members of the media who made the request in furtherance of their reporting. Leopold Decl. at ¶¶ 1-3. Therefore, these factors favor an award of attorney fees.

### D. DOJ's failure to conduct any foreseeable harm analysis in denying the request was unreasonable.

The burden on this factor lies with the agency, not the requester. *Davy*, 550 F.3d at 1162-63. Plaintiffs will respond to any reasonableness offering EOIR provides, but the record is clear that EOIR's position was unreasonable.

EOIR's determination failed to address or even reference the foreseeable harm requirement, and provides no indication that EOIR considered whether a foreseeable harm was likely to occur from release of the records before issuing its determination denying the request. Am. Compl. Ex. 4.  That provision had been in effect for over four years at the time of EOIR's determination, had already been the subject of judicial decisions, and plainly states that unless disclosure is prohibited by law, an agency may withhold information only if "the agency reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A)(i); *see Ctr. for Investigative Reporting,* 436 F. Supp. 3d at 105 (addressing foreseeable harm requirement in 2019); *Machado Amadis*, 971 F.3d at 371 (addressing foreseeable harm requirement in 2020).  As such, the denial was unreasonable.

### E.  The factors support an award of fees and costs.

"Essentially, the first three factors assist a court in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage." *Davy*, 550 F.3d at 1160.  Where the plaintiff is "the kind of requester Congress contemplated when it sought to lower the often insurmountable barriers presented by court costs and attorney fees," and the agency has not provided a colorable or reasonable basis for the withholding, a district court abuses its discretion by denying attorney fees. *Id.* at 1163. If first three factors favor the requester, but the fourth does not, "a district court retains very broad discretion under the four-factor test about how to balance the factors and whether to award attorney's fees." *Morley*, 894 F.3d at 397.

The Court should find that all of the factors favor an award of fees, and as a result, find that fees must be awarded.  But even if EOIR was to establish a colorable justification for its failure to address the foreseeable harm provision and withholding of the record, the Court would be left with discretion to award fees.  Because the public interest is particularly strong and because EOIR

failed to address the foreseeable harm requirement in denying the request, the Court should award fees.

### F. Fees and costs of $11,893.90 are reasonable.

Plaintiffs' supporting materials set forth the time and costs incurred in this case, and establish that time related to requests to other agencies or components has been reasonably excluded. Topic Decl. For the purposes of this fee petition, Plaintiffs seek only the rates provided in the DOJ's Fitzpatrick Matrix. DOJ Website, The Fitzpatrick Matrix ("For matters in which a prevailing party agrees to payment pursuant to this fee matrix, the United States Attorney's Office will not request that a prevailing party offer the additional evidence that the law otherwise requires.").[3]

## IV.   CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court award them fees and costs of $11,893.90 plus reasonable fees incurred in drafting their reply in support of this petition.

Dated:  August 22, 2022

RESPECTFULLY SUBMITTED,

/s/ *Matthew V. Topic*

_____

Attorneys for Plaintiffs

Matthew Topic, DC Bar No. IL0037
Josh Loevy, DC Bar No. IL0105
Merrick Wayne, DC Bar No. IL0058
Shelley Geiszler, DC Bar No. IL0087
(E-Mail:  foia@loevy.com)
LOEVY & LOEVY
311 N. Aberdeen, Third Floor

---

[3] https://www.justice.gov/usao-dc/page/file/1189846/download

Chicago, Illinois 60607
Tel.: (312) 243-5900
Fax: (312) 243-5902